IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARLOS ROSETE,

    Petitioner,

v.                                     CIV 04-0131 MCA/LAM
                                            1:97-cr-00492-WBH-JED (N.D.GA.)

**ALLEN COOPER, WARDEN,**
**CIBOLA COUNTY CORRECTIONAL CTR.,**

    Respondent.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Petitioner's *Application For A Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2241 By A Person In Federal Custody (Doc. 1)* filed on February 6, 2004 and an *Amendment to 28 U.S.C. § 2241* that Petitioner filed on February 27, 2004. *(Doc. 4)*. On May 3, 2004, Respondent Corrections Corporation of America (hereinafter "CCA") filed a Response to Petitioner's Application for Writ of Habeas Corpus Under 28 U.S.C. § 2241. *(Doc. 7)*. The Court granted Respondent United States of America's Motion to Adopt the Corrections Corporation of America's Response as its response to Petitioner's Application. *(Doc. 9)*. Respondents argue, *inter alia*, that Petitioner's application is barred due to a procedural default on his federal administrative remedies. On July 7, 2004, Petitioner filed a reply. *(Doc. 11)*. The undersigned United States Magistrate Judge having considered the arguments, pleadings, and relevant law, finds that Petitioner's Application For A Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2241

---

[1] The parties are notified that within **ten (10) days** after being served with a copy of these Proposed Findings and Recommended Disposition they may file and serve **written objections** with the Clerk of the U.S. District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

By A Person In Federal Custody *(Doc. 1)* in not well-taken and should be **DENIED**.

The Court will not reiterate in detail what the parties have presented in their pleadings but will set forth the reasoning for this recommendation. Because it is possible to resolve the issues on the pleadings, and the record establishes conclusively that Petitioner is not entitled to relief, an evidentiary hearing is not necessary.

Petitioner is a federal inmate proceeding *pro se* and is currently incarcerated in Cibola County Correctional Center in Milan, New Mexico. Because Petitioner filed this action while imprisoned in New Mexico, this Court has jurisdiction to entertain the § 2241 petition.[2] In his application pursuant to 28 U.S.C. § 2241, Petitioner seeks to have the Court restore forty-one (41) days of good conduct time taken from him as part of a disciplinary sanction. *(Doc. 1; Doc. 7, Exhibit A)*. Challenges to the computation or execution of a sentence, rather than to the basis for the sentence, should be brought under § 2241. *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). However, a district court has jurisdiction under § 2241 to review computation of a sentence only after the prisoner has exhausted administrative remedies before the Bureau of Prisons. *See Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) (stating that a habeas petitioner must exhaust state and administrative remedies before challenging state or federal custody by habeas corpus). The United States Attorney General, through the Bureau of Prisons, has the responsibility of administering a federal sentence. *See United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994) ("[O]nly the Attorney General through the Bureau of Prisons has the power to grant sentence credit").

On January 28, 2003, Petitioner received an incident report for possessing a sharpened

---

[2]Section 2241 petitions must be brought in the district where the prisoner is confined. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

instrument. *(Doc. 1 in Statement of Facts; Doc. 7, Exhibit A)*. Following a disciplinary hearing on February 7, 2003, Petitioner received a copy of the Disciplinary Hearing Officer Report *(Doc. 7, Exhibit A)*, and a letter (dated February 7, 2003) from the Disciplinary Hearing Officer *(Doc. 7, Exhibit B)* informing him of his right to appeal the decision to the Regional Director of the Bureau of Prisons within twenty days from the date he received a copy of the report.[3] *(Id.)* Petitioner did file appeals to both the Bureau of Prisons Regional Director and the Bureau of Prisons Central Office; respectively on November 17, 2003 and December 15, 2003, over ten months after notification of his right to appeal. *(Doc. 7, Exhibits C, E)*. Both appeals were denied as untimely. *(Doc. 7, Exhibits D, F)*.

Due to his untimely filing of appeals, Petitioner procedurally defaulted on his federal administrative remedies and, therefore, is not entitled to habeas review "absent a showing of cause and prejudice." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2nd Cir. 2001); *Pelts v. True*, 132 F.3d 43, 1997 WL 774780 at **1 (10th Cir. (Kan.)) (unpublished) ("Because Mr. Pelts failed to appeal in a timely manner, he has committed a procedural default which makes administrative review of his claim unavailable, and we will only consider his § 2241 petition if he can demonstrate cause and prejudice."); *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 762 (3rd Cir. 1996) ("[A] federal prisoner who challenges a disciplinary proceeding within a federal institution, fails to exhaust his administrative remedies because of a procedural default, and subsequently finds closed all additional avenues of administrative remedy, cannot secure judicial review of his habeas claim absent a showing of cause and prejudice.").

---

[3] There is no doubt Petitioner received the Hearing Report and letter from the Disciplinary Hearing Officer stating his right to appeal as Petitioner included the original documents, as attachments, in his *Amendment to 28 U.S.C. § 2241. (Doc. 4)*

Petitioner claims that following his disciplinary hearing he was placed in segregation for thirty days and during that time his access to legal materials was limited. *(Doc. 4 at 2-3; Doc. 11 at 2)*. Petitioner does not allege total lack of access to legal material, only limited or inadequate access in that he was required to "send a request to the library and it takes one or two days for the reply to come back" *(Doc. 4 at 3),* and "[m]ost of the time the response is the wrong answer or wrong materials." *(Doc. 11 at 2)*. However, thirty days in segregation and limited access to legal material does not excuse the fact that Petitioner waited for *over ten months* to file his administrative appeals with the Bureau of Prisons. Petitioner has not demonstrated cause for his failure to appeal in a more timely manner and, therefore, it is recommended that his application be dismissed on the basis that it is barred by a procedural default. Because Petitioner's Application is barred by his procedural default, the Court did not address the merits of his claim.

**WHEREFORE, IT IS HEREBY RECOMMENDED THAT** Petitioner's *Application For A Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2241 By A Person In Federal Custody* *(Doc. 1)* be **DENIED**, and that this action be **dismissed with prejudice**.

**IT IS SO ORDERED**.

*Lourdes a. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**